COOLEY GODWARD LLP
J. MICHAEL KELLY (133657)
GREGG S. KLEINER (141311)
101 California Street, 5th Floor
San Francisco, CA 94111-5800
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
Email: gkleiner@cooley.com

Attorneys for Post-Confirmation Debtor
AUSPEX SYSTEMS, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 03-52596-mm11 |
| AUSPEX SYSTEMS, INC., | Chapter 11 |
| Debtor. | **NOTICE OF MOTION AND MOTION BY POST-CONFIRMATION DEBTOR FOR: (I) FINAL DECREE AND ORDER CLOSING CASE; (II) AUTHORIZATION TO REMIT ANY FUNDS RECEIVED BY THE POST-CONFIRMATION DEBTOR AND OR THE DISBURSING AGENT, AFTER FINAL DISBURSEMENTS ARE MADE TO THE DEBTOR'S EQUITY SECURITY HOLDERS, TO THE CLERK OF THE BANKRUPTCY COURT; AND (III) DISCHARGING THE DISBURSING AGENT** |
| Tax Identification No. 93-0963760 | |
| | [No Hearing Required Unless Requested] |

**PLEASE TAKE NOTICE** that Auspex Systems, Inc., the Post-Confirmation Debtor in the above-captioned bankruptcy case (the "Debtor"), through its counsel, hereby applies to this Court for (i) a final decree and order closing this Chapter 11 case pursuant to Fed. R. Bankr. P. 3022, 11 U.S.C. § 350(a), and this Court's Order Confirming First Amended Plan of Liquidation (the "Plan"), which was entered on November 13, 2003 (the "Confirmation Order"), (ii) authorization to remit any and all funds of the Debtor's estate received by, or that are in the

COOLEY GODWARD LLP
ATTORNEYS AT LAW
BROOMFIELD

931849 v1/SF

1.

**NOTICE OF MOT. AND MOT. FOR FINAL DECREE CLOSING CASE**
**CASE NO. 03-52596-MM11**

Case: 03-52596  Doc# 698  Filed: 10/20/05  Entered: 10/20/05 15:16:36  Page 1 of 9

possession or control of the Debtor and/or the Disbursing Agent after the Final Disbursement (defined below) has been made to the Debtor's Equity Security Holders[1], to the Clerk of the Bankruptcy Court as provided by Article VI, Section 5(b)(ii)(3) of the Plan and 28 U.S.C. § 129 ("Post Closing Assets") and (iii) discharging the Disbursing Agent of all further obligation under the Plan and Confirmation Order at such time as he delivers the Final Disbursement to Equity Security Holders and the Post Closing Assets to the Clerk of the Court. This Motion is supported by the accompanying Declaration of Gregg S. Kleiner ("Kleiner Decl.").

**PLEASE TAKE FURTHER NOTICE THAT**:

**(i)** Bankruptcy Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed and that any objection to the requested relief, or a request for hearing on the matter must be filed and served upon the undersigned within **20 days** of the date of this Motion;

**(ii)** A request for hearing or objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position;

**(iii)** If there is not a timely objection to the requested relief or a request for hearing, the Court may enter an order granting the relief requested by default; and

**(iv)** the Debtor will give at least 10 days written notice of hearing to the objecting or requesting party and the U.S. Trustee, in the event an objection or request for hearing is timely made.

## I. BACKGROUND

In support of its Motion, the Debtor represents as follows:

**1.** The Confirmation Order is a final order.

**2.** No deposits are required to be distributed under the Plan.

**3.** The Debtor has no secured creditors. In accordance with the terms of the Plan, soon after the November 28, 2003 Effective Date, the Disbursing Agent made a distribution to all

---

[1] Unless otherwise specified, capitalized terms herein have the same meanings as defined in the Plan.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
BROOMFIELD

931849 v1/SF

2.

NOTICE OF MOT. AND MOT. FOR
FINAL DECREE CLOSING CASE
CASE NO. 03-52596-MM11

Case: 03-52596   Doc# 698   Filed: 10/20/05   Entered: 10/20/05 15:16:36   Page 2 of 9

allowed, undisputed, priority and unsecured creditors equal to 100% of their allowed claim, plus Post-Petition Interest.

4. In March 2004, the Bankruptcy Court heard and approved payment of all pre-Effective Date administrative claims of the Debtor's professionals and those of the Committee. The foregoing fees and cost have been paid, in full, by the Disbursing Agent.

5. The Plan provides that payment of post-Effective Date administrative fees and costs of professionals are subject to prior written notice to the Notice Parties. Absent an objection, the Disbursing Agent is authorized to pay the requested fees and reimburse the requested costs. Plan, Article VI, Section 9.

6. In April 2004, the Disbursing Agent completed his distributions to the remaining unsecured creditors whose claims had been previously disputed by the Debtor. All pre-petition priority and unsecured creditors have been paid in full, plus Post-Petition Interest. There are no claim objections or any unresolved claims.

7. In conformity with the provisions of the Plan, after paying, in full, plus Post-Petition Interest (when applicable), all creditors and classes senior to Debtor's Equity Security Holders, the Disbursing Agent made his initial distribution to the Equity Security Holders. As of the Record Date (November 28, 2003) over 44 million shares of Debtor's stock were outstanding. The initial distribution of $1,375,641.09 was made to Equity Security Holders on or about June 11, 2004, representing, approximately, a 3¢ dividend ("Initial Distribution").[2]

8. On or about December 31, 2004, the Disbursing Agent received the sum of €510,178 (approximately $691,087.12) from the French authorities (VAT Refund"). The funds from the French authorities represent the full refund requested by the Debtor. The VAT Refund was delivered to the Disbursing Agent during pre-trial hearing phase of litigation before the Commercial Court of Paris. The VAT Refund was the subject of litigation between the Debtor and its pre-petition VAT representatives in France, CUSTAX and TRS Tax Representatives (collectively, "Defendants").

---

[2] The Disclosure Statement estimated that Equity Interest Holders would receive distributions between 0¢ and 4¢ per share. It appears that the Final Distribution (defined below) may exceed the range estimated in the Disclosure Statement.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
BROOMFIELD

931849 v1/SF

3.

NOTICE OF MOT. AND MOT. FOR
FINAL DECREE CLOSING CASE
CASE NO. 03-52596-MM11

9.      Notwithstanding the French authorities payment of the VAT Refund, the litigation could not be dismissed because of counterclaims filed against the Debtor by the Defendants.[3] In late June 2005, following multiple hearings and post-hearing briefs, the Paris Commercial Court denied the vast majority of the Defendants' counterclaims against the Debtor. The Paris Commercial Court denied all of the Defendants' claims for fees and cost related to the litigation – €55,000 (approximately $66,000). The Paris Commercial Court did rule in the Defendants' favor with regard to the Defendants' claims that the Debtor owed them certain pre and post-petition fees on account of unpaid invoices, €4,000, plus interest at the contract rate of 16% per annum ("Paris Judgment"). The total amount of the Paris Judgment, including principal and interest calculated through October 1, 2005, is €7,951.34.

10.     Following the rendering of the Paris Judgment, the Debtor and the Disbursing Agent took necessary steps to serve the judgment on the Defendants in order to start the appeal clock running. On or about September 7, 2005, the Debtor and Disbursing Agent were informed by Debtor's French counsel, Bird & Bird, that the Defendants had not appealed the Paris Judgment. In early October 2005, the Disbursing Agent caused the sum of €7,951.34 (approximately $9,534.42) to Bird & Bird in order from them to pay and otherwise satisfy the Paris Judgment.

11.     Other than this Motion, the Debtor's motion to sell certain software modules, dated October 13, 2005, there are no pending adversaries, motions, contested matters or applications.

12.     The Debtor and the Disbursing Agent desire to close the Debtor's case and make final distributions to the Equity Security Holders on or before December 31, 2005. There is approximately $1,077,434.99 in the Debtor's estate. Because there are over 44 million shares of the Debtor's stock outstanding as of the Record Date, it is only economically viable to make a second, final distribution to Equity Security Holders ("Final Distribution"). The Disbursing Agent intends to make the Final Distribution after entry of the Final Decree in order to maximize

---

[3] The Debtor understands that the Defendants' counterclaims were first raised in September 2004. Although the Defendants were aware of the Debtor's pending Chapter 11 petition, they did not file claims with the Bankruptcy Court.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
BROOMFIELD

931849 v1/SF

4.

NOTICE OF MOT. AND MOT. FOR
FINAL DECREE CLOSING CASE
CASE NO. 03-52596-MM11

Case: 03-52596    Doc# 698    Filed: 10/20/05    Entered: 10/20/05 15:16:36    Page 4 of 9

the funds that can be paid to the Equity Interest Holders by greatly reducing and/or eliminating, where possible, the need to hold in reserve estate assets necessary to pay the items enumerated in the next paragraph, and to further reduce administrative expenses.

**13.** At this time, the Debtor and the Disbursing Agent are aware of the following items to perform/fund in order to close the Debtor's estate:

    **a.** Complete and file final tax returns for the Debtor's estate and obtain a Section 505(b) determination from the tax authorities;

    **b.** Reserve for and make distributions to the Office of the United States Trustee for the 3rd and 4th quarters of 2005;

    **c.** Obtain estimates for and reserve funds for payment of fees and costs for Debtor's: counsel, Cooley Godward, LLP; accountants, Kokjer, Pierotti, Maiocco & Duck LLP; Paris Counsel, Bird & Bird; the Disbursing Agent, David Bradlow; the registrar and transfer agent, Computershare (f/k/a Equiserve -the entity which will distribute the second and final distribution to Debtor's Equity Security Holders) and any other post Effective Date expenses of the Debtor or the Disbursing Agent; and

    **d.** Calculate the second and final distribution to be delivered to Debtor's Equity Security Holders and make said distribution.

**14.** The Disbursing Agent and his professionals are working diligently to complete all of the aforementioned items as efficiently as possible. If, and only if, everything comes together without a hitch, the Disbursing Agent will seek to make the Final Distribution on or before December 31, 2005.

**15.** The Disbursing Agent believes that he has collected all known estate assets. However, on occasion, the Debtor receives a reimbursement and or refund payment from a third party. These payments, which were not scheduled by the Debtor, come without prior warning or notice. Since January 1, 2005, the Disbursing Agent has received, in the aggregate, $10,241.87 in reimbursements, the largest of which was in the amount of $4,675.00.

**16.** The Disbursing Agent is aware of only one potential reimbursement. Prior to the sale of substantially all of its assets in June 2003, the Debtor maintained operations in Asia

COOLEY GODWARD LLP
ATTORNEYS AT LAW
BROOMFIELD

931849 v1/SF

5.

**NOTICE OF MOT. AND MOT. FOR FINAL DECREE CLOSING CASE**
**CASE NO. 03-52596-MM11**

Case: 03-52596   Doc# 698   Filed: 10/20/05   Entered: 10/20/05 15:16:36   Page 5 of 9

("Auspex PTE"). The Debtor is the sole shareholder of Auspex PTE. For almost 2 years the Debtor, and now the Disbursing Agent, have been working with accountants and former staff of Auspex PTE to close down those entities under the applicable governing laws in order to return the remaining assets to the Debtor. (Neither the accountants or former Auspex PTE employees are paid by the Debtor. It is understood that they are compensated from the assets of Auspex PTE). The end of Auspex PTE, however, <u>does not</u> appear to be close at hand. The most resent estimate for the final closing of Auspex PTE is January or February 2006. Once closed, Auspex PTE <u>may</u> return to the Debtor, at most, 15,000 Singapore dollars – approximately $8,900 at today's exchange rates ("PTE Refund"). Because it is unlikely that the PTE Refund will be delivered to the Disbursing Agent this year, if ever, the Disbursing Agent seeks authority, herein, to treat the PTE Refund as Post Closing Assets should it be delivered to the Disbursing Agent after the Disbursing Agent has calculated and sent the Final Distribution to the Equity Interest Holders.

## II. THE DEBTOR'S ESTATE HAS BEEN FULLY ADMINISTERED AND A FINAL DECREE SHOULD BE ENTERED

The Plan provides, in part:

> After the Bankruptcy Estate is fully administered, the Post-Confirmation Debtor shall file an application for a Final Decree, and shall serve the application on the Notice Parties, together with a proposed Final Decree. The Notice Parties shall have twenty (20) days within which to object or otherwise comment upon the Bankruptcy Court's entry of the Final Decree.

Plan, Article VI, Section 16. Neither the Plan, the Code or the Bankruptcy Rules define the meaning of "fully administered." Bankruptcy Code §350(a), Fed. R. Bankr. P. 3022. Courts, in trying to determine the meaning of "fully administered" have obtained guidance from the 1991 advisory committee notes to Bankruptcy Rule 3022 ("Committee Note"). The Committee Note sets forth the following six factors for a court to consider when an application has been made to close a case:

> (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the

COOLEY GODWARD LLP
ATTORNEYS AT LAW
BROOMFIELD

931849 v1/SF

6.

**NOTICE OF MOT. AND MOT. FOR FINAL DECREE CLOSING CASE**
CASE NO. 03-52596-MM11

Case: 03-52596   Doc# 698   Filed: 10/20/05   Entered: 10/20/05 15:16:36   Page 6 of 9

management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

*In re Ground Systems, Inc.*, 213 B.R. 1016, 1019, (9th Cir. BAP 1997) (declining to find a case was "fully administered" where the confirmed Chapter 11 plan required the final payment to be distributed prior to entry of a final decree). The Plan does not provide that the case remain open until the occurrence of a particular event or a specific date, nor does it tie the entry of the final decree to a particular time or event. Kleiner Decl., ¶ 18.

As set forth above and in the Kleiner Decl., the Debtor submits that all of the factors set forth in the Committee Note have been satisfied and that the case is fully administered and can be closed. Even if all of the factors set forth in the Committee Note have not been completed (which the Debtor believes is not the case) the court can still issue a final decree. *In re Mold Makers, Inc.,* 124 B.R. 766, 768 (Bankr. N.D. Illinois 1991) (not all factors in the Committee Note need to be present).

## III. POST CLOSING FUNDS

The Plan provides that:

> **(ii) De Minimis Distributions; Rounding.**
>
> **(1)** Notwithstanding any other provision of the Plan, the Disbursing Agent shall not make a Distribution to a holder of an Allowed Claim or Allowed Interest if the amount of Cash otherwise due is less than $10. All Cash not so distributed shall be added to Plan Assets and distributed in accordance with the Plan.
>
> **(2)** Notwithstanding any other provision of the Plan, the Disbursing Agent shall round the amount of all Distributions to the nearest whole dollar amount.
>
> **(3)** If the expenses of the final Distribution of Plan Assets would exceed the amount to be distributed, the Distribution shall not be made and the remaining Plan Assets, if any, shall be paid into the Bankruptcy Court and disbursed in accordance with Chapter 129 of Title 28 of the United States Code.

Plan, Article VI, Section 5(b)(ii). As set forth above, as of the Record Date, there were over 44 million outstanding shares of the Debtor's stock. There are approximately 550 certificated stock

COOLEY GODWARD LLP
ATTORNEYS AT LAW
BROOMFIELD

931849 v1/SF

7.

**NOTICE OF MOT. AND MOT. FOR FINAL DECREE CLOSING CASE CASE NO. 03-52596-MM11**

Case: 03-52596    Doc# 698    Filed: 10/20/05    Entered: 10/20/05 15:16:36    Page 7 of 9

certificates, with many certificates covering as little as a single share. The vast majority of the Debtor's stock is held in street name – brokerage accounts. The present number of brokerage accounts and Equity Interest Holders is not known to the Debtor or the Disbursing Agent. At the time the Plan was served on Equity Security Holders, shares of the Debtor's stock were maintained with approximately 18 brokerage firms in well over 6,800 accounts. Kleiner Decl., ¶ 14. Since it is not possible for the Debtor or Disbursing Agent to know how any shares are maintained in any given brokerage account, it is impossible to implement the Plan's $10 minimum distribution requirements or any form of rounding.

The Debtor submits that it makes no economic sense to make more than a second and final distribution (i.e. the Final Distribution) and that all Post Closing Assets and the PTE Refund (if it's received after the Final Distribution is made) should be disbursed in accordance with 28 U.S.C. §129 – paid to the Clerk of the Bankruptcy Court.

**THE DISBURSING AGENT SHOULD BE DISCHARGED**

After the completion of the duties outlined in paragraph 13, above, the delivery of the Post Closing Assets (which assets may include the PTE Refund) to the Clerk of the Bankruptcy Court, the Disbursing Agent, David Bradlow, should be discharged of his duties and obligations under the Plan and Confirmation Order.

### CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that pursuant to 11 U.S.C. § 350(a) and Bankruptcy Rule 3022, the Court enter a final decree: (1) deeming this estate fully administered; (2) closing this case, effective immediately, upon entry of the Final Decree; (3) authorizing the Disbursing Agent to deliver the Post Closing Assets and the PTE Refund, if any, to the Clerk of the Court in conformity with the Plan and 28 U.S.C. § 129; (4) discharging the Disbursing Agent

///
///
///
///
///

COOLEY GODWARD LLP
ATTORNEYS AT LAW
BROOMFIELD

931849 v1/SF

8.

NOTICE OF MOT. AND MOT. FOR
FINAL DECREE CLOSING CASE
CASE NO. 03-52596-MM11

Case: 03-52596   Doc# 698   Filed: 10/20/05   Entered: 10/20/05 15:16:36   Page 8 of 9

of all duties and obligations under the Plan and Confirmation Order; and (5) granting such other and further relief as is just and proper.

Dated: October 20, 2005

                                        COOLEY GODWARD LLP

                                        By: /s/ Gregg S. Kleiner
                                              Gregg S. Kleiner (141311)

Attorneys for Post-Confirmation Debtor
AUSPEX SYSTEMS, INC.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
BROOMFIELD

931849 v1/SF

9.

**NOTICE OF MOT. AND MOT. FOR FINAL DECREE CLOSING CASE**
**CASE NO. 03-52596-MM11**

Case: 03-52596   Doc# 698   Filed: 10/20/05   Entered: 10/20/05 15:16:36   Page 9 of 9